UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

BERNICE PHILLIPS

CIVIL ACTION NO. 07-0069

VERSUS

JUDGE HICKS

U.S. COMMISSIONER SOCIAL
SECURITY ADMINISTRATION

MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

Bernice Phillips ("Plaintiff") applied for disability benefits based on alleged limitations caused by sleep apnea and arthritis. ALJ Charles Lindsay conducted a hearing and assessed the claim under the five-step sequential analysis. See Bowie v. Astrue, 2008 WL 238948 (5th Cir. 2008). He found that Plaintiff was not engaged in substantial gainful activity (step one) and that she suffered from obstructive sleep apnea, hypertension and arthritis, impairments that were severe within the meaning of the regulations (step two) but did not meet or equal in severity a listed impairment (step three) that would mandate a finding of disabled without regard to Plaintiff's age, education or work experience. The ALJ then assessed the evidence and determined that Plaintiff had the residual functional capacity ("RFC") to perform the demands of light work, subject to some limitations including a "moderate limitation in the ability to maintain attention and concentration." The ALJ added that moderate "means there are moderate limitations but the person can still perform the task satisfactorily." Tr. 20.

Joni Crayton, a vocational expert ("VE"), testified that a person with that RFC could not perform the demands of Plaintiff's past jobs such as nurse's assistant or child care attendant because of their physical demands. The ALJ accepted that testimony and found that Plaintiff could not perform her past relevant work (step four).

The ALJ then reached step five, which asks whether the claimant is capable of performing other jobs that exist in significant numbers in the economy. He asked the VE to assume a person with Plaintiff's RFC, age 47, with a 12th-grade education and no transferrable skills. The ALJ included in his question an assumption that "the person has a moderate limitation in the ability to maintain attention and concentration for extended periods where moderate means there's some moderate limitation, but the person can still perform the task satisfactorily." Tr. 200. The VE testified that a person with the RFC described by the ALJ could perform several unskilled jobs. The ALJ accepted that testimony and found at step five that Plaintiff was not disabled. Tr. 21.

The Appeals Council found no basis for review (Tr. 4) and Plaintiff filed this civil action pursuant to 42 U.S.C. § 405(g). She argues that (1) it was error for the ALJ to define "moderate" in the way he did and (2) the ALJ wrongfully prevented the completion of counsel's cross-examination on that subject.

Several Plaintiffs have argued that the definition of moderate that was employed in this case was at odds with the regulations or other agency guidelines. The undersigned has denied or recommended denial of relief based on this argument in a number of cases. Some

of the plaintiffs appealed, and the Fifth Circuit affirmed in each case. See e.g. Cantrell v. McMahon, 2007 WL 557567 (5th Cir. 2007); Zills v. Barnhart, 2007 WL 627605 (5th Cir. 2007) and Beene v. McMahon, 2007 WL 836926 (5th Cir. 2007). The undersigned reasoned in those cases that the critical issue on appeal is not the precise definition of moderate under the regulations but how the ALJ defined the term for the VE and whether the VE knew that was the degree of limitation she was to assess.

As in Cantrell and the other cases, there is no indication that the VE in this case relied upon a definition of moderate other than what the ALJ stated. Rather, she answered the ALJ's questions based on a definition that he provided her to explain what he meant by a moderate limitation. Plaintiff does not contest that the ALJ had substantial evidence to determine that her degree of limitation with respect to maintaining attention and concentration was of moderate level under the definition used by the ALJ. She assigns no error and makes no argument that the actual level of severity of her limitation is significantly greater than the moderate limitation found by the ALJ. Thus, there is no basis for judicial relief with respect to this issue.

Plaintiff argues that the circumstances have changed since the cases presented in the prior Fifth Circuit decisions because, effective September 2006, HA-1152 was changed and affected the definition of moderate. This case was decided several months earlier, in April 2006, and Plaintiff has not explained how the subsequent revision would mandate a different result in this case.

Finally, Plaintiff argues that her counsel was not permitted to complete his cross-examination of the VE with regard to the moderate limitation issue. The questioning appears at Tr. 201-04. Plaintiff's counsel was not prevented from asking the VE any questions about available jobs or the impact of various limitations. Rather, he was only stopped from asking a series of questions that were essentially part of the legal argument addressed above regarding the correctness of the ALJ's definition of moderate. The ALJ correctly stated that the VE could not answer that issue. Plaintiff's ability to present her factual case was not impaired, so relief is not available.

Accordingly;

**IT IS RECOMMENDED** that the Commissioner's decision to deny benefits be affirmed and that Plaintiff's complaint be dismissed with prejudice.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 7th day of February, 2008.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE